IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**OSCAR GLENN,**

    **Plaintiff,**

**vs.**                                          **4:07CV534-SPM/AK**

**S.M. CULPEPPER,**

    **Defendant.**

_____/

**O R D E R**

This cause is before the court upon Plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and an application for leave to proceed *in forma pauperis* (IFP). (Doc. 2). Leave to so proceed has been granted in a separate order. (Doc. 5).

From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. Plaintiff has asserted that a number of conditions at River Junction Work Camp violate state regulations, but he has failed to allege any specific injury to himself resulting from any of the conditions. For example, he complains that there is no health attendant on duty after 5:00 p.m., but he does not allege that he has needed medical attention at this time and been denied care because there was no attendant on duty.

First, in order to establish standing, a plaintiff must make a three-prong showing: (1) that he has suffered an "injury in fact;" (2) there must be a causal connection

between the injury and the defendant's conduct; and (3) that it is likely and not speculative that the injury can be remedied by a favorable decision in the case at hand. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992). Since Plaintiff does not allege any injury in fact, there is no relief to be afforded to him through a lawsuit. [1]

Second, the relief he seeks is an investigation into these conditions. Federal courts do not investigate, the sole function of a court is to determine the facts and law presented to it in a lawsuit. If Plaintiff wants an investigation into the state prison facility, he should advise his state attorney general's office.

The other relief sought, a transfer to another facility, is also not a function of the federal court. Transfer decisions are within the discretion of the prison system. Further, Plaintiff complains that he wants a transfer "due to retaliation and petty reprisals by staff," but he provides no facts regarding these claims (retaliation and reprisal) nor does he name any persons connected to these claims.

Finally, federal court jurisdiction is based on federal or constitutional law and Plaintiff must assert claims based on this law and not state regulations. He must name those persons who allegedly denied his civil rights as Defendants in this

---

[1] Plaintiff would be precluded from seeking money damages if he had no injuries as well. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." . If there is no physical injury alleged, then mental or emotional monetary damages, as well as punitive damages, cannot be recovered, but declaratory and injunctive relief may be available. Harris v. Garner, 216 F.3d 970 (11th Cir. 2000), *reinstating in part* 190 F.3d 1279 (11th Cir. 1999) and Osterback v. Ingram, et al., No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table). 215 F.3d at 1230. Nominal damages may still be recovered even though there are no compensable damages. Slicker v. Jackson, 215 F.3d at 1231, *citing* Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. at 1054.

cause, such as the person who denied him medical care, the person who refused him a shower, the person who made him pick up heavy lockers, and if he asserting that these are policy decisions made by the warden he should make this clear. However, as set forth above unless he has incurred some injury from any of these actions, for example, he pulled his back from being forced to pick up the 100 pound locker, he has no claims.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely

replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **April 18, 2008.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this _25 th_ day of March, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**